Berzon, J.,
concurring,
I concur, because the memorandum disposition accurately applies our case law with respect to the retrospective obligation imposed by 11 U.S.C. § 727(a)(3) to “keep and preserve” records before filing for bankruptcy. See In re Caneva, 550 F.3d 755, 762 (9th Cir. 2008). I note, however, that that reading of the statute seems to me insupportable.
Nothing in that section imposes a retroactive obligation to have created or maintained adequate financial records before the filing of the bankruptcy. Instead, that provision prohibits discharge if a debtor has “concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers....’’ 11 U.S.C. § 727(a)(3) (emphasis added). The term “any recorded information” is both in the past tense and agnostic, by using the term “any,” as to whether any such writings actually exist. So the statute quite plainly, in my view, refers to “any” already *660 recorded information, not to creating adequate records in the first place.
“Keep or preserve” similarly indicates retention in a usable form, not creation; “preserve” in this context need not be seen as not synonymous with “keep” in the sense of retain, as the word “preserve” connotes assuring against deterioration, such as, with regard to “books, documents, records, or papers,” water damage or sun damage. And the other words in the two statutory lists all pertain to existing documents and actions taken with regard to those documents, not to the creation of documents, in the first place, or their quality-
So I am quite dubious that the bankruptcy code imposes an obligation to have recorded transactions adequately before filing for bankruptcy as a condition of discharge in bankruptcy. Nonetheless, the contrary interpretation—that Section 727(a)(3) imposes an affirmative, pre-bank-ruptcy duty adequately to document financial transactions—is embedded firmly in the case law and secondary literature. See Caneva, 550 F.3d at 762; Peterson v. Scott, 172 F.3d 959, 969 (7th Cir. 1999); 6 Collier on Bankruptcy 727-32 & 33 (16th ed. Rev. 9/2010) (“A proper record of past business transactions for a reasonable period of time has always been required under this clause”). The cases tend inaccurately to paraphrase the statute, and then to conclude that there is some pre-bankruptcy obligation, independent of obligations imposed by other statutes or regulations, to have recorded financial transactions sufficiently to trace them post-bankruptcy. The appellant in this case does not challenge that case law.
I therefore, despite my qualms about the statutory interpretation we rely upon, concur in the memorandum disposition, in full.